CIACCIO, Judge.
A jury of twelve found defendant guilty as charged of one count of armed robbery. La.R.S. 14:64. Defendant has appealed this conviction requesting only that we review the record for “errors patent.” La. Const, of 1974 Art. 1 Sec. 19, La. C.Cr.P. *1256 Art. 920(2). As is the practice of this court, we have also reviewed the record for sufficiency of evidence. Having found no error in the proceedings in the trial court, we affirm.
PACTS
On March 7, 1983, at approximately 9:50 p.m., the operator of a convenience store unlatched the door to allow a “customer” to enter. That “customer” was the defendant, who, when the store operator turned his back, donned a mask, displayed a gun, and directed the victim to fill a bag with liquor. As the victim complied with defendant’s requests he triggered a silent alarm. Defendant took the bag of liquor and also two cartons of cigarettes, money from the cash register drawer, a gold chain from the victim’s neck and the victim’s wallet. Defendant then ordered the victim into a back room and instructed him to take off all of his clothes and not to leave that room.
As defendant exited the store he was confronted by two off-duty police officers, who were in uniform on their way to work and had responded to the police radio broadcast regarding the triggering of the store’s silent alarm. When defendant saw the police, he dropped the bag of stolen property and ran. The officers chased defendant who jumped through the back window of a car parked in a nearby car wash. The car sped away with the officers still in pursuit using the private vehicle of one of the officers in which they had been riding.
The officers lost the car in traffic, but broadcast over the police radio a description of the vehicle and the man they were chasing. Shortly thereafter two other officers stopped the car and discovered defendant laying on the rear seat with a gun. These officers returned the driver of the ear and the man they had found on the rear seat to the store. The store employee identified defendant as the robber, and the first two officers identified defendant as the man they had seen exit the store and had then chased. The officers searched defendant and found the victim’s gold chain in defendant’s pant’s pocket.
At trial the police officers identified defendant. The officers also identified, either the actual items or through photographs, the evidence which had been recovered. The victim also identified defendant and, in the same manner as noted above, the property which had been stolen from the store, his personal property which had been stolen, and the gun found in the rear seat of the get-away vehicle about which he said, “It looks just like it [the gun used by the robber] because they had tape on the end of it.”
ERRORS PATENT
We have reviewed the record for any errors discoverable by an inspection of the pleadings and proceedings and have found none.
SUFFICIENCY OF THE EVIDENCE
Armed robbery is defined as “the theft of anything of value from the person of another or which is in the immediate control of another, by the use of force or intimidation, while armed with a dangerous weapon.” La.R.S. 14:64.
After viewing the evidence in this case in the light most favorable to the prosecution, we find that any rational trier of fact could have found that every element of armed robbery was proven beyond a reasonable doubt. This being the standard for determining the sufficiency of the evidence, we find the evidence in this case sufficient to sustain defendant’s conviction. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
Having found no error in the proceedings in the trial court, we affirm defendant’s conviction and sentence.
AFFIRMED.